Vanik ZOHRABYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71148.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 10, 2006.

Artem M. Sarian, Esq., Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Maureen E. Rudolph, Esq., U.S. Department of Justice Environment & Natural Resources Div., Nelda C. Ackerman, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN and PAEZ, Circuit Judges.

MEMORANDUM **

Vanik Zohrabyan, a native and citizen of Armenia, petitions for review of the Board

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of Immigration Appeals' ("BIA") per curiam decision dismissing his appeal and affirming the immigration judge's denial of his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination, given the inconsistencies between Zohrabyan's asylum application and his testimony regarding the harassment alleged and the omission regarding the alleged arrests, which go to the heart of his asylum claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). The BIA did not err by requiring corroboration of religious affiliation and medical treatment under these circumstances, and Zohrabyan offers no credible explanation for failure to submit readily-available evidence. *See Mejia–Paiz v. INS,* 111 F.3d 720, 723–24 (9th Cir.1997).

Because Zohrabyan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Zohrabyan's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its determination under CAT, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).